# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

UNITED STATES OF AMERICA,

                      Plaintiff

                                             DECISION and ORDER

-vs-

                                             13-CR-6156

MARCELLUS GIBSON

                      Defendant

___

      This case was referred by text order of the undersigned, entered August 23, 2016 to Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 42. On November 17, 2016, Defendant filed an omnibus motion, ECF No. 53, seeking *inter alia,* the following: inspection of the Grand Jury minutes; a bill of particulars; suppression of statements; and suppression of tangible evidence. As to his motions to suppress, Defendant contended that his post arrest statements should be suppressed because they were acquired in violation of his Fifth and Sixth Amendment rights, and that physical evidence should be suppressed, pursuant to the Fourth Amendment, as the fruit of an illegal search. By order dated December 14, 2016, ECF No. 55, Magistrate Judge Feldman denied both Defendant's motion for a bill of particulars and his motion for inspection of the Grand Jury minutes In regard to the motions to suppress, evidentiary hearings were held on April 4, 2017, ECF No. 67, and June 9, 2017, ECF No. 78. On December 1, 2017, Magistrate Judge Feldman filed a Report and Recommendation ("R&R"), ECF No. 91, recommending that Defendant's applications to suppress statements and tangible evidence be denied. On January 16, 2018, ECF No. 94, Defendant timely filed objections to the R&R, and he also objected to that portion of Magistrate Judge Feldman's December 14, 2016 Order, ECF No. 55, which denied his requests for a bill of particulars and inspection of the Grand Jury minutes. With respect to his objections to the R&R, Defendant maintains:

> ...the defendant Marcellus Gibson's motion to suppress evidence and to suppress statements associated with the September 26, 2013 search of his property and subsequent questions should be suppressed along with any evidence derived therefrom. The defendant further requests that his motion for a bill of particulars and grand jury disclosure be granted in light of the particular circumstances of this case.

Defendant Marcellus Gibson Appeal and Objections to the Report, Recommendation, and Decision of Magistrate Dated December 1, 2017, p. 11. On January 19, 2018, the government filed its "Response to Defendant's Objections to the Report and Recommendation," ECF No. 95.

The Court will first address Defendant's objections to Magistrate Judge Feldman's Order dated December 14, 2016, ECF No. 55. In that regard, Federal Rule of Criminal Procedure 59 (a) states:

> (a) Nondispositive Matters. A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. **A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets**. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. **Failure to object in accordance with this rule waives a party's right to review.**

Fed. R. Crim. P. 59. Emphasis added. Since objections to Magistrate Judge Feldman's December 14, 2016, Order denying Defendant's requests for a bill of particulars and inspection of the Grand Jury minutes were not filed until January 16, 2018, those objections have been waived. However, assuming *arguendo* that the objections were timely filed, then pursuant to 28 U.S.C. § 636(b)(1)(A), this Court would be required to determine whether Magistrate Judge Feldman's Order, denying Defendant's requests for a bill of particulars and inspection of the Grand Jury minutes is clearly erroneous or contrary to law. In that regard, the Court finds, upon a consideration of Defendant's arguments in support of his applications, as set forth in his moving papers, ECF No. 53 and his "Appeal and Objections," ECF No. 94, as well as the government's opposition papers, ECF No. 54 and ECF No. 95, along with the applicable law, that Magistrate Judge Feldman's Order denying

Defendant's request for a bill of particulars and inspection of the Grand Jury minutes was neither clearly erroneous nor contrary to law. Accordingly, Defendant's objections to the Order are overruled both on procedural grounds and on the merits.

The Court now turns its attention to Magistrate Judge Feldman's R & R, ECF No. 91. Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of the R&R, including a review the transcripts of evidentiary hearings held on April 4, 2017, ECF No. 67 and June 9, 2017, ECF No. 78. as well as exhibits received into evidence, the Court accepts the proposed findings and recommendation..

Accordingly, for the reasons set forth in Magistrate Judge Feldman's R&R, ECF No. 91, Defendant's applications to suppress statements and tangible evidence, ECF No. 53, are denied.

IT IS SO ORDERED.

Dated: Rochester, New York
February 15, 2018

ENTER:

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge